

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 22, 2016

**BY CM/ECF and ELECTRONIC MAIL**

The Honorable John F. Keenan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

> Re:   *United States* v. *Luis Pestana*,
>         08 Cr. 581 (JFK)

Dear Judge Keenan:

      In response to the Court's inquiry and a motion submitted by defendant Luis Pestana, the Government respectfully submits this letter to address the defendant's eligibility for a reduction of sentence, pursuant to Title 18, United States Code, Section 3582(c)(2), in light of the recent amendments to the Sentencing Guidelines for most offenses involving controlled substances. As set forth more fully below, the defendant is eligible for a reduction in sentence to 135 to 168 months' imprisonment, and the Government does not object to a reduction in sentence to a term of imprisonment within that range.

**I.      Background**

      On or about February 3, 2009, the defendant pleaded guilty to participating in a conspiracy to distribute and possess with intent to distribute five kilograms and more of cocaine, in violation of Title 21, United States Code, Section 846. Pestana pleaded guilty pursuant to a plea agreement in which the parties stipulated that the applicable Guidelines range was 168 to 210 months' imprisonment.

      On July 17, 2009, the Court held a sentencing hearing. At that hearing, the Court determined—in agreement with both the parties' plea agreement and Pestana's Pre-sentence Investigation Report—that Pestana was in Criminal History Category III, and his offense level was 33, resulting in an advisory Sentencing Guidelines range of 168 to 210 months' imprisonment, with a mandatory minimum sentence of 120 months' imprisonment. After hearing from the parties, the Court imposed a middle-of-the-Sentencing-Guidelines sentence of 180 months' imprisonment, to be followed by ten years' supervised release, and a mandatory $100 special assessment. Also at the sentencing hearing, the Court found that, by committing the crime of conviction, Pestana had violated the terms of his supervised release in *United States* v.

*Luis Pestana*, 00 Cr. 1108 (JFK),[1] and sentenced Pestana to a below-Sentencing-Guidelines sentence of 12 months imprisonment for his violation of the terms of supervised release, to run consecutively to his sentence in this case.[2] Pestana appealed his sentence, arguing that it was substantively unreasonable for this Court to run his sentence for the violation of the terms of his supervised release consecutively to his sentence in this case. The United States Court of Appeals for the Second Circuit affirmed Pestana's conviction and sentence. *See United States* v. *Pestana*, 422 F. App'x 4 (2d Cir. 2011).

Pestana's current projected release date is September 1, 2022.

## II.   Applicable Law

In its recent Amendment 782 to the Guidelines, which became effective November 1, 2014, the Commission lowered the penalties for most drug offenses by reducing most offense levels on Section 2D1.1's Drug Quantity Table by two levels. This amendment affects not only defendants sentenced under Section 2D1.1, but also any defendant sentenced under a guideline that used the Drug Quantity Table in a cross-reference. *See, e.g.,* U.S.S.G. § 2D1.5 (CCE); U.S.S.G. § 2S1.1(a) (money laundering). In Amendment 788, the Commission decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates. Thus, many defendants—potentially the defendant in this case—have become eligible for a sentence reduction pursuant to the recent amendments.

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon* v. *United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826-27.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determining the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1) (alteration omitted)). If, for any of a number of reasons, the amendment—here, the amendment to Section 2D1.1's Drug Quantity Table—would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing (for example, where the defendant was sentenced as a career offender, or where the bottom of the range was established by a statutory mandatory minimum sentence), then the defendant is not eligible for a sentencing reduction. *See*

---

[1] *United States* v. *Louis Pestana*, 00 Cr. 1108 (JFK) was originally assigned to the Honorable Lewis A. Kaplan, United States District Judge. Judge Kaplan transferred the case to this Court for determination of, and sentencing on, Pestana's violation of the terms of his supervised release.

[2] Pestana does not, and cannot, request a reduction in the sentence for his violation of the terms of his supervised release, or a change in the consecutive nature of that sentence.

U.S.S.G. § 1B1.10(a)(2)(B). ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range.").

Similarly, as to the extent of any possible sentencing reduction, "[c]ourts generally may not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" produced by the amendment. *Dillon*, 560 U.S. at 827 (internal quotation marks omitted). Although, at one time, there was ambiguity over whether a Court might reduce a defendant's sentence to something less than the minimum of the amended Guidelines range if the defendant had originally received a departure or variance below his original Guidelines range, the Commission has now made clear that even where a defendant originally received a below-Guidelines sentence, he nonetheless may not have his sentence reduced to one that is below the new, amended range; the sole exception being a defendant who previously received a departure based on substantial assistance. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("Except as provided in subdivision (B) [relating to substantial assistance], the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range[.]"; *United States* v. *Erskine*, 717 F.3d 131, 137-41 (2d Cir. 2013) (recognizing that current version of Section 1B1.10 prohibits reductions below the bottom of the amended range, irrespective of departures or variances granted at the original sentencing).

"At step two of the inquiry," if the defendant has been determined to be eligible, and the extent of his eligibility has been established, the Court must decide in light of the applicable Section 3553(a) factors whether to grant a reduction "in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827. This decision is committed to the Court's discretion. *See United States* v. *Mock*, 612 F.3d 133, 137 (2d Cir. 2010) ("If, and only if, a defendant is eligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, then the second step of the analytical framework set forth in *Dillon* requires the district court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.") (internal quotation marks omitted).

### III. Discussion

Applying the amended Guidelines, Pestana's total offense level is 31, resulting in an amended Guidelines range of 135 to 168 months' imprisonment. Since Pestana's original sentence of 180 months' imprisonment is higher than the bottom of this amended Guidelines range, Pestana is eligible for a reduction. Section 1B1.10(b)(2)(A) and (B) provide, however, that Pestana's sentence may not be reduced any lower than the bottom of the amended Guidelines range *unless* Pestana was a Government cooperator who originally received a below-Guidelines sentence pursuant to a substantial assistance motion by the Government:

> (A)  Limitation—Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is

Hon. John F. Keenan
July 22, 2016
Page 4 of 4

> less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.
>
> (B) <u>Exception for Substantial Assistance</u>—If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

U.S.S.G. § 1B1.10(b)(2).

Here, Pestana was not sentenced pursuant to a government motion based on his provision of substantial assistance. Accordingly, he is eligible to have his sentence reduced to a term of imprisonment no lower than the bottom of the amended Guidelines range of 135 months.

Moreover, the records provided to this Court and our Office by the United States Probation Department do not indicate that Pestana has received any disciplinary sanctions for violence or assaultive behavior while incarcerated for this offense; accordingly, Pestana's disciplinary history—or, more accurately, lack thereof—does not counsel against a sentence reduction.

In light of these factors, the Government does not object to a sentence within the new amended Guidelines range of 135 to 168 months' imprisonment

                                            Respectfully submitted,

                                            PREET BHARARA
                                            United States Attorney for the
                                            Southern District of New York

By:    _____
        Michael D. Maimin
        Assistant United States Attorney
        (914) 993-1952

cc:    Jesse M. Seigel, Esq. (by CM/ECF and electronic mail)
       U.S. Probation Officer Paul Hay (by electronic mail)