**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
───────────────────────────────

**UNITED STATES OF AMERICA**

       - against -                           **08-cr-581 (JGK)**

**LUIS PESTANA,**                        **MEMORANDUM OPINION**
                                                    **AND ORDER**
                     **Defendant.**
───────────────────────────────

**JOHN G. KOELTL, District Judge:**

The defendant, Luis Pestana, proceeding pro se, moves for early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1). The defendant's current term of supervised release was imposed in connection with the second of two federal criminal proceedings related to the defendant's drug-trafficking activity. In the first proceeding, the defendant was sentenced principally to two concurrent 60-month terms of imprisonment, to be followed by a ten-year period of supervised release, after pleading guilty to (1) one count of conspiring to distribute large quantities of cocaine, and (2) another count of using and carrying a firearm in relation to the narcotics offense. See United States v. Pestana, No. 00-cr-1108 (S.D.N.Y. filed March 19, 2000) (the "2000 Case"), ECF No. 30. While serving that initial term of supervised release, the defendant again participated in substantial drug-trafficking activity, conduct that violated the conditions of his supervised release and that resulted in a new criminal charge for conspiring to distribute large amounts of cocaine. See United States v.

Pestana, No. 08-cr-581 (S.D.N.Y. filed March 6, 2008) (the "2008 Case"). After pleading guilty to that second narcotics charge in this proceeding, and also to a violation of supervised release in the 2000 Case, the defendant was sentenced on July 17, 2009, to (1) an 180-month term of imprisonment for the drug-trafficking conspiracy, to be followed by a ten-year term of supervised release, and (2) a 12-month term of imprisonment for violating the conditions of his initial supervised release, to run consecutively with the prison term for the narcotics offense. See ECF No. 86; 2000 Case, ECF No. 37. Pursuant to 18 U.S.C. § 3582(c)(2), the Court subsequently reduced the defendant's term of imprisonment of 180 months in the 2008 Case to 144 months and otherwise did not alter the 2009 judgment. ECF No. 160. The defendant was released to his current ten-year term of supervision on September 13, 2019, and he has served about 43 months of that term as of the date of this Opinion.[1]

The defendant now seeks to terminate his term of supervised release on the grounds that the relevant sentencing factors and several additional considerations, including his desire to travel outside of this District and his post-conviction conduct, weigh in favor of early termination. See Def.'s Motion, ECF No. 189.

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, omissions, emphasis, quotation marks, and citations in quoted text.

2

The Government opposes the motion, and the Probation Department takes no position. For the reasons explained below, the motion for early termination of supervised release is **denied**.

A district court has the authority to terminate a period of supervised release at any time after the defendant has spent one year on supervised release, and after "considering the [relevant sentencing] factors set forth" in 18 U.S.C. § 3553(a), if the district court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Section 3583(e) specifies the Section 3553(a) sentencing factors that courts must consider in deciding whether to terminate supervised release, which include:

- (i) "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1);

- (ii) the "need for the sentence imposed" to "afford adequate deterrence to criminal conduct," id. § 3553(a)(2)(B), "to protect the public from further crimes of the defendant," id. § 3553(a)(2)(C), and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," id. § 3553(a)(2)(D);

- (iii) the "kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant" under the Sentencing Guidelines, id. § 3553(a)(4);

- (iv) "any pertinent policy statement . . . issued by the Sentencing Commission," id. § 3553(a)(5);

3

 (v)  "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," id. § 3553(a)(6); and

 (vi)  "the need to provide restitution to any victims of the offense," id. § 3553(a)(7).

See 18 U.S.C. § 3583(e) (providing that a district court may terminate a term of supervised release "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)"). "The decision whether to grant early termination rests within the discretion of the district court." United States v. Harris, 689 F. Supp. 2d 692, 694 (S.D.N.Y. 2010).

  The defendant argues that termination of his supervised release is warranted in light of United States v. Parisi, 821 F.3d 343 (2d Cir. 2016) (per curiam), where the Second Circuit Court of Appeals clarified its discussion of Section 3583(e) in a previous opinion, United States v. Lussier, 104 F.3d 32 (2d Cir. 1997). In Lussier, the Court of Appeals noted that a district court may "discharge[] or modify" a term of supervised release "in order to account for new or unforeseen circumstances," and also that, "[o]ccasionally, changed circumstances [such as] . . . exceptionally good behavior by the defendant . . . will render a previously imposed term . . . of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." Lussier, 104 F.3d at 36. The decision in

4

Parisi subsequently clarified that "the plain language of Lussier . . . does not require new or changed circumstances relating to the defendant in order to modify conditions of release, but simply recognizes that changed circumstances may in some instances justify a modification." Parisi, 821 F.3d at 347. As stated in Parisi, "[s]o long as the court [ruling on the Section 3583(e) motion] considers the relevant 18 U.S.C. § 3553(a) sentencing factors, there is no additional requirement that it make a finding of new or changed circumstances with respect to the defendant." Id. In Parisi, the Court of Appeals found that changed circumstances were not required to add new conditions of supervised release. Id. at 346-48.

Thus, while the defendant is correct that proof of "exceptional" or "changed circumstances" is not a prerequisite to early termination of supervised release, see Def.'s Motion at 9-11, Parisi reinforces that such relief may be granted only after a court "considers the relevant 18 U.S.C. § 3553(a) sentencing factors" specified in Section 3583(e). Parisi, 821 F.3d at 347. In this case, the Court has considered all of those factors, which counsel strongly against terminating the defendant's term of supervised release at this time.

The defendant was sentenced to a substantial period of supervised release in connection with his second conviction for conspiring to distribute large quantities of cocaine, and he has

5

Case 1:08-cr-00581-JGK   Document 194   Filed 04/11/23   Page 6 of 9

served considerably less than half of that term. The defendant engaged in the substantial drug-trafficking activity underlying his second conviction while he was on supervised release for the first conviction, which arose out of similar criminal conduct. The defendant's current term of supervised release, at the time that it was imposed, was based on a careful balancing of the Section 3553(a) factors and was determined to be "sufficient, but not greater than necessary, to comply with the purposes" of sentencing set forth in Section 3553(a)(2). 18 U.S.C. § 3553(a). Although Section 3583(e) excludes Section 3553(a)(2)(A) -- "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" -- from consideration on a motion for early termination of supervised release, the balance of the relevant factors remains unchanged, and none of those factors suggests that a term of supervised release lasting substantially less than half the time of the original supervision term would serve "the interest of justice." Id. § 3583(e)(1). Rather, at this time, continuing supervision is necessary to ensure the protection of the public and to "afford adequate deterrence." Id. § 3553(a)(2)(B)-(C). That is the case even though the defendant has fully complied with the terms of his supervision, which, while commendable, does not outweigh the Section 3553(a) sentencing factors that must be considered under Section 3583(e). See, e.g., United States v.

6

Weiss, No. 21-cr-457, 2022 WL 3214914, at *3 (S.D.N.Y. Aug. 9, 2022) ("Defendant's good behavior and re-integration, although laudable, were fully expected of him and therefore do not warrant early termination of supervised release."); see also United States v. Kassim, No. 15-cr-554, 2020 WL 2614760, at *2 (S.D.N.Y. May 22, 2020) ("Though new or changed circumstances are not a prerequisite to early termination, see United States v. Parisi, 821 F.3d 343, 347 (2d Cir. 2016) (per curiam), a defendant's full compliance with the terms of supervised release, without more, generally does not warrant early termination.").

The defendant argues that termination of his supervised release is justified in light of two personal reasons, namely that (1) he would prefer to move to Florida so that he can accept certain employment offers there, and (2) he hopes to join his wife in Venezuela, her country of origin, in the event that she is required to return there temporarily while her application for United States citizenship is pending. However, terminating the defendant's supervised release entirely is not necessary to accommodate these concerns. If the defendant wishes to work in Florida, he may seek to extend the limits of his supervision, or he may request a transfer of his supervision to another district. See, e.g., United States v. Pena, No. 08-cr-578, 2022 WL 2733871, at *1 (S.D.N.Y. June 27, 2022) (rejecting defendant's argument that "he should be released from supervised release because his

7

occupation requires him to travel around the country," and noting that the defendant's terms of supervised release, which provided that he should "advise the probation officer of his travel plans and location," did not "interfere[] with his occupation"). The defendant states that he is satisfied with his current probation officer and is therefore "not willing to transfer [his supervision] to a new district," Def.'s Motion at 2, but his disinterest in a transfer is insufficient to justify terminating his supervision altogether. Likewise, if the defendant's spouse is eventually required to return temporarily to Venezuela, the defendant may seek permission from his probation officer to travel there at that time, and he may bring any disputes regarding that request to the Court's attention. See, e.g., United States v. Jimenez, No. 04-cr-329, 2010 WL 6385382, at *1 (S.D.N.Y. Mar. 24, 2010) (denying motion for early termination of supervision where the defendant "expresse[d] a desire to visit his ailing mother in the Dominican Republic," and explaining that "[t]he defendant should seek permission from his probation officer" and then "bring the issue to the attention of the Court" if necessary).

In light of all the above, the defendant's motion for early termination of his supervised release is **denied**. "The defendant is of course free to make subsequent applications to the Court after he has served a greater length of his supervised release." Pena, 2022 WL 2733871, at *1.

8

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed above, those arguments are either moot or without merit. For the foregoing reasons, the defendant's motion for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1) is **denied** without prejudice. The Clerk is respectfully directed to close ECF No. 189, to mail a copy of this Memorandum Opinion and Order to the defendant, and to note such mailing on the docket.

**SO ORDERED.**

Dated:   New York, New York
         April 11, 2023

                                       _____
                                            John G. Koeltl
                                       **United States District Judge**